## Petition of Public Service Mutual Insurance Company

*Ronald J. Brockington,* for petitioners.

*Milton M. Stein,* for respondent.

DOTY, Adm. J., April 17, 1970.—This matter is presently before the court for consideration of a peti-

tion filed by Public Service Mutual Insurance Company and Vernon Marks, its agent, to rescind an order which sued out the bail bond which had been entered in the case of Commonwealth v. George Douglas, October term 1969, no. 498, operating a motor vehicle while under the influence of intoxicating liquor. After a careful consideration of the record and the applicable law, we are convinced that the petition must be denied.

On October 12, 1969, one Russell Floyd, an employe of appellant, Vernon Marks, signed a bail bond in the amount of $500 to insure the appearance of George Douglas at all times that his presence may be required in connection with the pending criminal case. Defendant himself (Douglas) did not sign this bail bond.

After indictment, the arraignment of George Douglas was listed for January 29, 1970. On or about January 7, 1970, the petitioners herein, Public Service Mutual Insurance Company and its agent, Vernon Marks, received a summons advising them of the arraignment date and the necessity to insure Douglas' appearance at that time. Nevertheless, Douglas failed to appear at his arraignment and the bail was ordered sued out on January 29, 1970. As stated above, the insurance company and its agent have filed a petition to rescind the bail-sue-out order.

There is no question but that the bonding company received adequate and timely notice of defendant's arraignment, Nor is there any question that defendant failed to appear at his arraignment. The bail bond which was signed by an employe of defendant's agent provides as follows:

"The condition of this bond is that the defendant is to appear before the issuing authority and in the Court of Common Pleas of Philadelphia and the Philadelphia Municipal Court at all times as his

presence may be required, ordered or directed, until full and final disposition of the case, to plead, to answer and defend as ordered the aforesaid charge or charges, and shall abide and not depart from the court without leave, then this obligation is to be void; otherwise it is to remain in full force and effect. If the defendant pleads, answers and defends as ordered, then this bond is to be void, but if the defendant fails to perform this condition, payment of the amount of the bond shall be due forthwith."

Thus, petitioners by the duly authorized act of their employe obligated themselves to comply with the terms of the conditions of the bond. The terms and conditions were not complied with. Whether petitioners made reasonable efforts to locate defendant is not relevant. But, failing to comply with the terms and conditions imposed on the bond, petitioners rendered themselves liable in accordance with its terms.

While it may appear somewhat harsh to hold petitioners liable for the failure of a third party to appear, this is the very agreement which petitioners entered into with the court.

The cornerstone of the bail is that good and proper bail insure the appearance of those individuals whose cases are pending in the criminal courts. If action is not taken against the bonding company which entered the bail when a defendant fails to appear, the entire foundation of the bail system could be ultimately undermined and destroyed. The petitioners, having undertaken this risk in consideration for receipt of a premium paid to them by defendant, cannot now be heard to complain that they should be relieved of the terms and conditions of their undertaking.

Accordingly, and for the foregoing reasons, we have denied the petition to rescind the prior order which sued out the bail.